**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2062
_____

GLEN M. FALLIN,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION;
KURT J. MYERS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
DEPUTY SECRETARY FOR DRIVER AND VEHICLE SERVICES;
ALLEN D. BIEHLER, INDIVIDUALLY; DEBORA LITTLE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-02427)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2017

Before:  FISHER, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Glen M. Fallin challenges the orders of the District Court dismissing his complaint on statute of limitations grounds and declining to reconsider that ruling. We will affirm.

I.

Fallin filed suit under 42 U.S.C. § 1983 against the Pennsylvania Department of Transportation and several of its former officials and employees (collectively, "PennDOT"). His claims arose from PennDOT's alleged failure to register a trailer that he used to haul goods for a trucking company that he owned.

According to Fallin's allegations, he attempted to register the trailer in May of 2007 and believed he had done so. When he later attempted to deliver goods to a military base in December of 2007, however, military personnel turned him away because PennDOT's database did not show his trailer as registered. Fallin's efforts to rectify the situation led a PennDOT employee to provide him with forms that he was "unable to understand." (ECF No. 1 at 7-8 ¶ 18.) Fallin encountered a second problem when, in April of 2008, a police officer detained him for approximately two hours, again on the basis of PennDOT's alleged failure to register the trailer.

Fallin did not allege that he took any further action regarding the registration for over four and a half years until, on December 21, 2012, he visited a PennDOT office, reviewed his file, and spoke with a supervisor. According to Fallin, his file contained no record of PennDOT having notified him that his registration had failed, and the supervisor told him that PennDOT does not provide such notice.

Fallin filed his complaint two years and one day later. Fallin alleged that

2

PennDOT deprived him of due process by failing to provide him with notice of the failure of his registration and a meaningful opportunity to be heard on that issue. He asserted claims for monetary damages against the individual defendants and claims for declaratory and injunctive relief against PennDOT itself.

PennDOT filed a motion to dismiss Fallin's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. PennDOT argued both that Fallin lacked standing and that his claims are barred by the two-year statute of limitations that applies to § 1983 claims arising in Pennsylvania. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). The District Court did not address the issue of standing, but it agreed that Fallin's complaint is barred by the statute of limitations and dismissed it on that basis. Fallin filed a motion for reconsideration and requested leave to amend his complaint, which the District Court denied. Fallin now appeals.[1]

II.

Dismissal of a complaint on statute of limitations grounds is appropriate when the

---

[1] Although the District Court did not address the issue of standing, we have an independent obligation to examine our jurisdiction. See Anthony v. Council, 316 F.3d 412, 416 (3d Cir. 2003). Having done so, we are satisfied that Fallin's allegations of injury meet the requirements of Article III. See id. PennDOT raised several arguments below based on certain of Fallin's allegations regarding licensing and the assignment of claims. Those issues do not undermine the existence of Article III standing in this case. Cf. Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 274-75 (2008). Thus, the District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6). See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We review the denial of reconsideration and leave to amend for abuse of discretion, but we review underlying legal determinations de novo. See id.

3

defense is apparent on the face of the complaint.  See Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015).  We agree with the District Court that such is the case here.  As the District Court explained, Fallin clearly was aware of his injuries by April of 2008 at the very latest because he knew at that time that PennDOT had neither registered his trailer nor provided him notice of that fact.  Thus, Fallin's claims accrued at least by April of 2008, see Kach, 589 F.3d at 634, and the two-year statute of limitations expired in April of 2010, over four and a half years before Fallin filed suit.

Fallin does not contest that he knew of his alleged injuries in April of 2008.  Instead, he argues that he did not know the cause of those injuries until later and that, under the discovery rule, his claims did not accrue until them.  See id. at 635, 642.  Fallin argues that he did not know that PennDOT never sent him notice until he reviewed his file and spoke with a PennDOT supervisor on December 21, 2012.  According to Fallin, although he knew before then that he had not received notice, he did not know that PennDOT had not provided notice and instead had assumed that PennDOT did but that he either did not receive it or had overlooked it.  Thus, he argues, his claims did not accrue until he actually learned the cause of his alleged injuries on December 21, 2012.

PennDOT argues that, even if that were true, Fallin's complaint remains untimely because he spoke with the PennDOT supervisor on December 21, 2012, the two-year statute of limitations as measured from that date expired on December 21, 2014, and Fallin did not file his complaint until one day later on December 22, 2014.  December 21, 2014, however, was a Sunday.  Under both federal and Pennsylvania law, and with

4

exceptions not relevant here, statutory time limits that would expire on a non-business day are deemed to continue running until the next business day. See Fed. R. Civ. P. 6(a)(1)(C); 1 Pa. Cons. Stat. § 1908. Thus, Fallin's complaint would be timely if his arguments concerning the discovery rule had merit.

Unfortunately for him, they do not. Application of the discovery rule requires that a plaintiff exercise reasonable diligence in discovering his or her injury and its cause. See Kach, 589 F.3d at 642. That means that a plaintiff must "exhibit[] those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." Id. (quotation marks omitted). In this case, Fallin knew in April of 2008 that his trailer was not registered and that he had not received notice of that fact. Fallin, however, did not take any further action regarding his registration until speaking with the PennDOT supervisor over four and a half years later on December 21, 2012. That is not reasonable diligence.

Fallin raises three arguments to the contrary, but they lack merit. First, he argues that he was entitled to rely on the presumption of regularity afforded to the performance of official duties. See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004). According to Fallin, this presumption entitled him to assume—apparently indefinitely—that PennDOT had sent him constitutionally adequate notice until he happened to learn otherwise. We are not persuaded. The discovery rule requires reasonable diligence. Applying the presumption of regularity in this manner would require no diligence, even as to an injury of which the plaintiff already is aware. Fallin

has cited no authority applying the presumption of regularity to relieve a plaintiff of the burden of exercising reasonable diligence for statute of limitation purposes, and we are aware of none.

Second, Fallin argues that it was improper for the District Court to infer at the pleading stage that he actually could have done anything during the four and a half year period to discover that PennDOT never sent him notice. We disagree. Fallin alleges that he ultimately learned of the lack of notice by going to a PennDOT office, reviewing his file, discovering that his file contained no record of notice being sent, and asking a PennDOT supervisor about that issue. Fallin does not allege any reason why he could not have taken those steps years before. He also alleges no reason to believe that, if he had, they would not have yielded the same result.

Finally, Fallin argues that the District Court, on reconsideration, should have allowed him to amend his complaint by adding allegations concerning a previous conversation that he had with a different PennDOT supervisor. Fallin submitted with his motion for reconsideration a proposed amendment to his complaint and requested leave to amend. The District Court declined to consider his new allegations on the ground that Fallin could have raised them before and that previously available evidence does not warrant reconsideration. Even if the District Court should have approached the issue

somewhat differently,[2] any error in that regard was harmless because Fallin's proposed amendment would have been futile.  See Burtch, 662 F.3d at 231.

According to Fallin's new allegations, he spoke with a different PennDOT supervisor about the failure of registration approximately two years before he spoke with the supervisor on December 21, 2012.  (ECF Nos. 24 at 8; 24-2 at 1 ¶ 33.)  Fallin alleges that this different supervisor "stated or indicated" that a notice of the failure of registration "had been issued."  (ECF No. 24-2 at 2 ¶ 33.)  Fallin also alleges that he did not inquire into the notice any further at that time.  (Id.).  Fallin did not provide any other details regarding this alleged conversation, such as what prompted it.

Fallin nevertheless claims that this conversation suggests that he could not have done anything to discover the lack of notice during the four and a half year period. Again, we disagree.  Fallin does not allege that he attempted to review his file at the time of this conversation as he did in December of 2012.  He also does not allege that he asked the different supervisor anything about the notice.  To the contrary, he alleges that he did not inquire into that issue.  Thus, this conversation does not reasonably suggest that he could not have discovered the lack of notice before December of 2012.

---

[2] The District Court arguably should have addressed the propriety of amendment by considering the factors relevant to amendment under Rule 15 of the Federal Rules of Civil Procedure together with the standard for altering or amending a judgment under Rule 59(e).  See Burtch, 662 F.3d at 230-31.  Of course, the point remains that Fallin— who is a sophisticated litigant—did not raise his new allegations before final judgment despite being on notice of the statute of limitations issue from PennDOT's motion to dismiss.

Fallin does not argue that this conversation with a different supervisor supports application of the discovery rule in any other way, and it does not. This conversation occurred approximately two and a half years after Fallin indisputably was aware of his alleged injury in April of 2008, and Fallin does not allege that he took any action regarding the registration during that time. And even after that conversation with a different supervisor, approximately two more years passed before Fallin reviewed his file and spoke with a supervisor in December of 2012. Fallin does not argue that the different supervisor's statements constituted fraudulent concealment or otherwise dissuaded him from inquiring further, as indeed they did not. Thus, even with these new allegations, Fallin's failure to exercise the reasonable diligence required for the discovery rule would have remained apparent on the face of his complaint. See Stephens, 796 F.3d at 288.

III.

For these reasons, we will affirm the judgment of the District Court.